UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FIETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1689-ZMB |
| | ) | |
| CITY OF UNION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant City of Union's Motions to Dismiss, Docs. 6, 9, and Motion for Ruling, Doc. 12. The Court grants in part the City's second motion to dismiss because Plaintiff Joshua Fietz fails to state a claim under federal law, declines to exercise supplemental jurisdiction over the remaining state-law claims, and remands this case to state court. Further, the Court denies as moot the City's first motion to dismiss, Doc. 6, and Motion for Ruling, Doc. 12.

**BACKGROUND**[1]

The City employed Fietz as a park maintenance worker and crew leader. Doc. 8 ¶ 6. After Fietz filed grievances for training and safety violations, he was punished by having his wages cut, getting demoted, and receiving both a suspension and a threat of transfer to the Street Department. *Id.* ¶ 10. He was fired from his job several months later. *Id.* ¶ 13.

Fietz originally filed this action in state court in August 2025, alleging various state-law claims related to his employment and discharge. Doc. 1 ¶ 1. After the City moved to dismiss, Fietz filed an amended complaint, asserting claims under: (1) the Fair Labor Standards Act (FLSA); (2) Title VII of the Civil Rights Act; (3) the False Claims Act (FCA); (4) the Whistleblower Protection

---

[1] The Court accepts as true the following well-pled facts for the purpose of this motion. *See infra* at 2–3.

Act (WPA); (5) various Occupational Safety and Health Administration (OSHA) regulations; and (7) state law. Doc. 8 ¶ 1. In response, the City timely removed the case, Doc. 1 ¶ 8, and again moved to dismiss, Doc. 9. Fietz failed to respond.

Six months later, the Court ordered Fietz to show cause why the case should not be dismissed for failure to prosecute. Doc. 13. Instead of engaging with the order or the City's motion to dismiss, Fietz's response focuses primarily on various irrelevant discovery issues. *See* Doc. 14. The City filed its reply, Doc. 15, and all motions are now ripe for review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin*

*Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

Additionally, it is well settled that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Rivera v. Bank of Am.*, 993 F.3d 1046, 1050 (8th Cir. 2021) (citation omitted). On a motion to dismiss, "the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework" so long as "the essence of an allegation is discernible." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted). However, while "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (collecting cases). Thus, even under this forgiving standard, the Court will not "assume facts not alleged" or "excuse the *pro se* litigant from following the Court's local rules or the Federal Rules of Civil Procedure." *Whitlock v. St. Louis Cnty.*, No. 4:21-CV-516-SEP, 2022 WL 3700915, at *2 (E.D. Mo. Aug. 26, 2022) (collecting cases).

**DISCUSSION**

Even after affording Fietz substantial leeway as a pro se party, accepting his allegations as true, and drawing all inferences in his favor, the amended complaint fails to state a claim under federal law. The Court considers each of his federal law claims in turn, before addressing its decision to decline supplemental jurisdiction over the remaining state-law claims and remand the case to Franklin County Circuit Court.

## I. Federal Claims

Fietz's federal claims all suffer from critical pleading defects. His FLSA claim does not allege any violations of that statute, his Title VII claim fails because he does claim membership in a protected class, and he has not pled a FCA claim because he does not allege any fraud against the Federal Government. Because Fietz potentially could cure these defects, the Court dismisses these three claims without prejudice. But neither the Whistleblower Protection Act or OSHA claims contain a private right of action, so those counts are dismissed with prejudice.

### *a. FLSA*

First up is Fietz's claim that the City violated the FLSA's anti-retaliation provisions. A plaintiff must show that he "engaged in statutorily protected activity" to establish retaliation under the FLSA. *Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 794 (8th Cir. 2019); *see also* 29 U.S.C. § 215(a)(2) (prohibiting retaliation for actions "under or related to this chapter"). And the FLSA specifically regulates three areas of labor relations: (1) minimum wages, (2) overtime pay, and (3) child labor, 29 U.S.C. §§ 206, 207, 212. But Fietz has not alleged violations of any of these provisions. Instead, his allegations stem mostly from what he views as retaliation for complaints about safety and training. *See* Doc. 8 ¶ 10. Consequently, his FLSA claim fails.

### *b. Title VII*

Similarly, Fietz has not met the elements for a discrimination claim under Title VII. To do so, among other things, a plaintiff must allege membership in a protected class. *Hill v. Mercy Hosp.*, No. 4:24-CV-971-JAR, 2024 WL 3457445, at *4 (E.D. Mo. July 18, 2024). But the amended complaint does not assert that Fietz belongs to any class protected by the statute, nor does his Charge of Discrimination. *See* Doc. 8–1. Therefore, this claim also fails. *See Hill*, 2024 WL 3457445, at *4 (dismissing claim for similar reasons).

***c. False Claim Act***

Next is Fietz's claim under the False Claims Act, Doc. 8 at 1, which fails for two reasons. First, Fietz failed to plead that the alleged fraud—the purported falsification of disciplinary action by the City—has any relation to claims made against the Federal Government, which is the predicate for a violation of the False Claims Act. *See Olson v. Fairview Health Servs.*, 831 F.3d 1063, 1070 (8th Cir. 2016) (recognizing that a prima facie case under the FCA requires that "the defendant made a claim against the United States"). The second issue is Fietz's failure to meet the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b). *See U.S. ex rel. Joshi v. St. Luke's Hosp.*, 441 F.3d 552, 556 (8th Cir. 2006) This standard requires Fietz to identify the "'who, what, where, when, and how' of the alleged fraud," which he failed to do. *See id.* Thus, Fietz's FCA claim fails for both reasons.

***d. Whistleblower Protection Act Claim***

Fietz's WPA claim fails because it falls outside of the statute's ambit. Critically, the WPA protects only federal employees. *Elliott v. Am. Fuel Cell & Coated Fabrics Co.*, 2013 WL 3992709, at *3 (W.D. Ark. Aug. 5, 2013) (citing 5 U.S.C. § 2302(a)(2)(A)(xii)). Fietz has made clear that he was employed by the City, not the Federal Government. Doc. 8 ¶ 6. And in any event, there is no private right of action under the WPA *Id.* Therefore, his WPA claim fails as a matter of law.

***e. OSHA Claim***

Nor can Fietz find any refuge in his claims for alleged violations of OSHA's anti-retaliation statutes. The City argues that Fietz did not invoke a specific whistleblower-complaint program, that his claims fail because OSHA does not protect employees of cities, and that he never claims to have complained to OSHA directly. Doc. 9-1 at 9. But another, equally fatal flaw is that OSHA's anti-retaliation provisions do not contain a private right of action; rather, OSHA "vests

enforcement authority exclusively with the Secretary [of Labor]." *Daniel v. Honeywell Int'l*, 2023 WL 6392404, at *3 (D. Minn. Oct. 2, 2023). Accordingly, his OSHA claim also fails.

## II. State and Common Law Claims

With the dismissal of the federal claims, Fietz is left with state-law claims. As such, supplemental jurisdiction is the only basis for this Court to continue exercising jurisdiction over this case. Doc. 8 ¶ 1. District courts generally have discretion whether to remand a removed case after the dismissal of federal claims. *See Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (collecting cases and identifying relevant factors, including "judicial economy, convenience, fairness and comity"); *see also Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006) (recognizing authority to remand state-law claims sua sponte). But the Eighth Circuit has instructed that, "where resolution of the remaining claims depends solely on a determination of state law, the district court ***should*** decline to exercise jurisdiction." *Hinshaw v. Moore*, 666 F. App'x 565, 569 (8th Cir. 2016) (quotation and alterations omitted) (emphasis added). That guidance applies here, and in any event, none of the discretionary factors favor retaining jurisdiction of the state-law claims. Therefore, the Court declines supplemental jurisdiction and remands the case to state court.

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** Defendant City of Union's [9] second motion to dismiss and **DISMISSES** the federal claims. Further, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and thus **REMANDS** this case to state court. Last, the Court **DENIES** the City's [6] initial motion to dismiss and [12] Motion for Ruling as moot. A separate order of remand will follow.

So ordered this 8th day of September 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE